# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 14-178 |
| ) | Civil No. 16-1238 |
| ) | Judge Nora Barry Fischer |
| BRANDY MARIE BARA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**I.  INTRODUCTION**

This matter is before the Court on a Motion to Vacate under 28 U.S.C. § 2255 ("Motion") filed by *pro se* Defendant Brandy Marie Bara ("Defendant"), (Docket No. 466), and Brief in Support, (Docket No. 468), which is opposed by the Government, (Docket No. 476).  After careful consideration of the parties' arguments, and for the following reasons, Defendant's § 2255 Motion [466] is denied.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

A federal grand jury returned a Superseding Indictment against Defendant on October 7, 2014, charging her with:  one count of conspiracy to possess with intent to distribute and distribute a quantity of oxycodone from in and around the spring of 2011 until on or about July 10, 2014, in violation of 21 U.S.C. § 846 (Count One); one count of attempt to possess with intent to distribute a quantity of oxycodone on May 27, 2014, in violation of 21 U.S.C. § 846 (Count Three); one count of possession with the intent to distribute and distribution of a quantity of oxycodone on June 5, 2014, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18

1

U.S.C. § 2 (Count Four); one count of possession with the intent to distribute and distribution of a quantity of oxycodone on June 30, 2014, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Five); and one count of possession with the intent to distribute a quantity of oxycodone on July 10, 2014, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Seven). (Docket No. 147). At her request, Defendant was appointed counsel under the Criminal Justice Act, i.e., Assistant Public Defender Linda E.J. Cohn, of the Office of the Federal Public Defender for the Western District of Pennsylvania. (Docket Nos. 18, 19, 33, 77). Thereafter, the parties advised the Court that they had reached a plea agreement resolving the matter short of trial. (*See* Docket No. 252).

Defendant subsequently appeared before this Court for a change-of-plea proceeding on April 14, 2015, and after conducting an extensive colloquy to confirm that Defendant was competent, understood the Constitutional and other rights that she was waiving by entering a guilty plea, and was knowingly and voluntarily pleading guilty, the Court accepted her guilty plea to Count One. (*See* Docket Nos. 271, 272).[1] During the proceeding, the Court was presented with a fully executed Rule 11(c)(1)(C) plea agreement for a stipulated sentence of eighty-four months' incarceration signed by the parties, including Defendant and her counsel. The Court addressed the terms of the plea agreement directly with Defendant, who assented, under oath, that: she had discussed all relevant matters pertaining to the plea agreement with her counsel; and, she was knowingly and voluntarily accepting the terms of the plea agreement and the waivers contained therein, including waiving her right to appeal the judgment and sentence to the Court of Appeals. She also confirmed that she was agreeing to the specific term of eighty-

---

[1] Although the official transcript has not been docketed, the Court has reviewed the draft transcript from the proceedings held on April 14, 2015, and will rely upon same in reaching its decision.

four months' incarceration.

As part of the presentence process, Defendant objected to the Probation Office's conclusion that a two-level enhancement applied under Guideline § 2D1.1(b)(1) for her possession of a firearm and to the factual summary of one of her prior convictions. (Docket No. 320). The Court overruled her objections to same for reasons set forth fully in its Tentative Findings and Rulings of July 21, 2015. (Docket No. 333). With respect to Defendant's first objection, the Court, in applying the well-settled law of the Third Circuit, determined that Guideline § 2D1.1(b)(1) was applicable based upon the totality of the circumstances present in the case. (*Id.* at 4-5). Specifically, the Court found that the Government had met its initial burden of production because there was a sufficient temporal and spatial relation between the firearm and the drug trafficking to demonstrate by a preponderance of the evidence that the enhancement should be applied. (*Id.* at 5-6). The Court rejected Defendant's argument that she lawfully possessed the firearm to protect her from a former abusive boyfriend against whom she had obtained a Protection From Abuse Order, explaining that the Third Circuit has held that the lawful acquisition and possession of a firearm does not preclude the application of the enhancement. (*Id.* at 6). Because Defendant had failed to demonstrate that the drug-weapon connection was "clearly improbable," the Court overruled her objection. (*Id.* at 7). The Court noted, however, that the enhancement would have no bearing on Defendant's sentence if the Court accepted their plea agreement for a specific sentence of eighty-four months' incarceration. (*Id.* at 4). The Court also overruled Defendant's second objection, finding that the factual disputes would have no impact on Defendant's sentence because she was assessed 0 criminal history points and remained in a criminal history category I. (*Id.* at 7-8). Based upon the

guidelines calculations, the Court determined that the advisory guideline range for imprisonment was 108-135 months. (*Id.* at 10).

At the sentencing hearing on October 19, 2015, the Court accepted the parties' Rule 11(c)(1)(C) plea agreement, and Defendant was sentenced to eighty-four months' incarceration; three years' supervised release; and a $100.00 special assessment. (Docket No. 385). Defendant did not appeal her sentence.

Defendant filed her *pro se* Motion and supporting Brief on August 16, 2016. (Docket Nos. 466, 468). The Court issued an Order on August 16, 2016, advising Defendant of her right to elect if the Court should resolve the pending motion or if she wished to file an all-inclusive § 2255 motion within thirty days. (Docket No. 469). After Defendant filed a response to the Court's Order, wherein she requested the right to amend her motion within 120 days, the Court ordered Defendant to file any amendments to her motion by December 29, 2016. (Docket Nos. 470, 471). Because Defendant did not file any amendments to her motion, the Court ordered the Government to file a response, which was filed on February 10, 2017. (Docket Nos. 472, 476). Hence, this matter is now ripe for review.

### III. STANDARD OF REVIEW

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "A prisoner seeking relief on the grounds of ineffective assistance of counsel bears the burden to demonstrate two requirements," *United States v. Seeley*, 574 F. App'x 75, 78 (3d Cir. 2014), which were initially set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective

4

assistance of counsel under *Strickland*, a defendant "must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and, (2) counsel's deficient performance prejudiced the defense." *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 687-88); *see also Roe v. Flores–Ortega*, 528 U.S. 470, 476-477 (2000) (citing *Strickland*, 466 U.S. at 688, 694) (same). The United States Court of Appeals for the Third Circuit has "endorsed the practical suggestion in *Strickland* [that the Court may] consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008) (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005), which quoted *United States v. McCoy*, 410 F.3d 124, 132 n.6 (3d Cir. 2005)); *see also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Lilly*, 536 F.3d at 195. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "'vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation.'" *United States*

*v. Knight*, Nos. 03-CV-416, 98-CR-3, 2009 WL 275596, at *13 (W.D. Pa. Feb. 4, 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

## IV. DISCUSSION

Defendant argues that her § 2255 Motion should be granted because her counsel was ineffective. (Docket Nos. 466, 468). She also asserts that her sentence is disproportionate to her husband's sentence and that her sentence should be reduced for her minor role and post-sentence rehabilitation. (*Id.*). The Government opposes both arguments. (Docket No. 476). The Court will separately address the parties' positions as to each issue.

### A. Ineffectiveness of Counsel

Defendant argues that her counsel was ineffective for agreeing to a stipulated sentence without discussing it with her and for failing to disclose to the Court the reason why she possessed a firearm. (Docket No. 468 at 3-4). In this Court's estimation, both claims are conclusively refuted by the record before the Court.

With respect to Defendant's first argument, there was no binding agreement with the Government to the stipulated sentence of eighty-four months' incarceration until Defendant and her counsel signed the plea agreement at the change-of-plea hearing held before the Court on April 14, 2015. (Docket Nos. 271, 272). At the outset of the hearing, the Court established that Defendant was competent to participate in the proceedings. (*See* Docket No. 271). Defendant earned a GED and had completed some coursework in a pharmacy technician program. Defendant averred that she was not under the influence of drugs or alcohol and that her medications did not impact her ability to understand the proceedings. Defense counsel asserted that her client was competent to participate meaningfully in the hearing. The Court observed

Defendant's demeanor and responses during the colloquy and concluded that she understood the proceedings. Based on the foregoing, the Court found that Defendant was competent to meaningfully participate and to enter a guilty plea if she chose to do so. (*See id.*).

After ensuring that Defendant was competent to plead, the Court queried Defendant to determine whether she had discussed her case with her attorney and whether she was satisfied with the representation provided by counsel. Defendant answered each question in the affirmative. The Court proceeded to advise Defendant of the constitutional rights and protections that she would be giving up by pleading guilty, as well as the statutory penalties associated with the charges against her. Defendant indicated that she understood each of those rights and still wished to plead guilty. The Court discussed the plea agreement with Defendant, and Defendant confirmed that she had read the agreement, reviewed her questions with defense counsel, and had no questions for the Court about the agreement.

In response to the Court's request, counsel for the Government summarized the terms of the agreement on the record, including the parties' stipulations as to the advisory guidelines range. Among other important terms, Government counsel specifically stated that the parties stipulated and agreed that the appropriateسentence in this case is a term of imprisonment of seven years. After Defendant confirmed on the record that she consented to each of the terms contained in the agreement, the Court reviewed the details of the plea agreement with her. Defendant stated that she understood and agreed to each of the terms set forth in the plea agreement and was satisfied with the agreement that she had reached with the Government. Defendant advised that she understood that if she went to trial, it was the Government's burden to prove all of the elements of the offense beyond a reasonable doubt, and she later agreed with

the prosecution's summary of the evidence against her. Defendant acknowledged that she was waiving her trial rights by pleading guilty. Defendant also told the Court that her guilty plea was the product of her own volition and denied that she had been threatened or forced to plead guilty, or that anyone had made her any promises as to what her actual sentences would be, outside of the plea agreement. Defendant affirmed that she was satisfied in all respects with the advice and representation of her attorney. *See United States v. Slane*, Nos. 11-CR-81, 14-CV-938, 2015 U.S. Dist. LEXIS 19867, at *80 (W.D. Pa. Feb. 19, 2015) ("[N]o one has the right to take the sworn oath to tell the truth and then testify falsely.").

In this Court's opinion, the record before the Court, including the fully executed written plea letter and Defendant's assertions under oath at the change-of-plea hearing, conclusively establish that she discussed the stipulated sentence with her counsel and agreed to same. Thus, the Court cannot conclude that Defendant's counsel was ineffective for failing to discuss the stipulated sentence with her. *See, e.g.*, *United States v. Blessitt*, Nos. 15-CR-118, 16-CV-1574, 2016 U.S. Dist. LEXIS 161662, at *13 (W.D. Pa. Nov. 22, 2016) (rejecting the defendant's argument that his counsel was ineffective because he "entered a voluntary plea of guilty after having time to consider the plea and consult with his attorney").

With respect to Defendant's second argument that her counsel was ineffective for failing to disclose the reason why she possessed a firearm, the Court initially notes that Defendant's counsel twice advised the Court of Defendant's position that the firearm enhancement was inapplicable. More significantly, and as discussed above, Defendant objected to the Probation Office's conclusion that a two-level enhancement applied under Guideline § 2D1.1(b)(1) for her possession of a firearm during the presentence process. (Docket No. 320). In overruling

Defendant's objection, the Court explained that the Third Circuit has held that the lawful acquisition and possession of a firearm does not preclude the application of the enhancement. (Docket No. 333 at 6). The Court further noted that the parties had agreed that the enhancement would have no bearing on Defendant's sentence if the Court accepted their plea agreement for a specific sentence of eighty-four months' incarceration. (*Id.* at 4). The Court accepted the parties' plea agreement and sentenced Defendant to eighty-four months' incarceration. (Docket Nos. 384, 385).[2] Because the firearm enhancement did not impact her sentencing, the Court must reject Defendant's argument that her counsel was ineffective.

### B. Proportionality of Sentence

Defendant argues that her sentence should be reduced because her husband, Telano Lanard White, received a sentence reduction from twelve years to ten years. (Docket No. 468 at 4). She requests that her sentence be reduced from eighty-four months to sixty-nine months. (*Id.*). Defendant also contends that her sentence should be reduced for her minor role and post-sentence rehabilitation. (*Id.* at 4-5).

As discussed in detail above, Defendant knowingly and voluntarily entered her guilty plea and agreed to the stipulated sentence that was below the advisory guideline range. Defendant's husband's sentence is not relevant. Moreover, as the Government has pointed out, Defendant was higher in the chain of oxycodone distribution than three other distributors. (*See* Docket No. 476 at 5-6). Indeed, at the change-of-plea proceedings, Defendant agreed with the Government's factual narrative of this case, wherein it stated that Defendant was the primary

---

[2] As noted above, the Court determined that, with a final offense level of 31, the advisory guideline range for Defendant's imprisonment was 108-135 months. (Docket No. 333 at 9-10). If the firearm enhancement had not been applied, then Defendant's final offense level would have been 29, which has a guideline range of 87-108 months of imprisonment. Thus, even if the firearm enhancement had not been applied, the stipulated sentence of 84 months fell below the guideline range.

distributor of oxycodone transported from Detroit to Pittsburgh. Thus, as the Government has argued, it had grounds to seek a three-level enhancement for Defendant's role in the chain of oxycodone distribution. (*See* Docket No. 476 at 5-6). The Government's agreement not to seek a role enhancement was a significant benefit to Defendant, and her seven-year sentence is appropriately between the ten-year sentence imposed upon her husband and the six-year sentence given to Corey Rodriguez. Accordingly, the Court finds meritless Defendant's argument that her sentence should be reduced because it is disproportionate to her husband's sentence. *See, e.g.*, *United States v. Parker*, 462 F.3d 273, 276 (3d Cir. 2006) ("[A] criminal defendant has no constitutional right to be given a sentence equal in duration to that of his or her co-defendants.") (internal quotations omitted); *United States v. Slane*, Nos. 11-CR-81, 14-CV-938, 2015 U.S. Dist. LEXIS 19867, at *82 (W.D. Pa. Feb. 19, 2015) ("To the extent that Defendant continues to advocate that her sentence is unfair in relation to the sentences imposed on her codefendants, Shaheen and Kamaras, as the Court stated at sentencing, Defendant is not similarly situated to those individuals as they both pled guilty, accepted responsibility for their crimes and did not commit perjury at trial.").

The Court must also reject Defendant's argument that her sentence should be reduced for her minor role and for her post-sentence rehabilitation. As stated, Defendant's role was not minor, and she is not entitled to a reduction in her sentence. *See, e.g.*, *United States v. Martinez*, No. 2:15-CR-25, 2017 U.S. Dist. LEXIS 22015, at *10-11 (W.D. Ark. Jan. 23, 2017) (explaining that the defendant could not raise an argument for a minor-role adjustment in a § 2255 motion because "[r]elief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected,

would result in a complete miscarriage of justice") (internal quotations omitted).  Similarly, post-sentence rehabilitation is not a basis for a § 2255 motion.  *See, e.g.*, *In re Lewis*, 360 F. App'x 161, 161 (D.C. Cir. 2009) (explaining that a sentence reduction based upon post-conviction rehabilitation is not cognizable under § 2255) (citing *United States v. Addonizio*, 442 U.S. 178, 186-87 (1979)).  Accordingly, the Court finds that Defendant's Motion must be denied.

## V. CONCLUSION

Based on the foregoing, Defendant's Motion to Vacate under 28 U.S.C. § 2255 is denied, with prejudice.  The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability.  An appropriate Order follows.

> *s/ Nora Barry Fischer*
> Nora Barry Fischer
> United States District Judge

Date:  March 1, 2017

cc/ecf:  All counsel of record

    Brandy Marie Bara
    USMS 35313-068
    A2 Federal Prison Camp
    P.O. Box A
    Alderson, WV 24910